IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY L. LEWIS, SR.,                  ) | |
|                                    ) | |
|        Plaintiff,                    ) | |
|                                    ) | CIV-09-236-D |
| v.                                         ) | |
|                                    ) | |
| UNITED STATES OF AMERICA,    ) | |
| OKLAHOMA DEPARTMENT OF       ) | |
| VETERANS AFFAIRS                ) | |
|                                    ) | |
|        Defendants.                ) | |

**ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss [Doc. No. 18], which seeks dismissal of Plaintiff's Complaint [Doc. No. 1] for lack of personal jurisdiction, lack of subject-matter jurisdiction, and failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(1),(2) and (6). Plaintiff, who appears *pro se*, has not filed a response to the Motion.

In his Complaint, Plaintiff alleges age and disability discrimination and retaliation by his employer the "Oklahoma City Oklahoma Department of Veterans Affairs." (Compl. ¶¶ 5-7.) Plaintiff served, *inter alia*, the Secretary of Veterans Affairs, Eric Shinseki, but did not name the Secretary as a defendant. (Defs.' Motion at 2 n.2.) In his Complaint, Plaintiff states three causes of action: The first is discrimination in violation of the Americans with Disabilities Act (ADA); the second is discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII); and the third is retaliation in violation of Title VII, which Plaintiff conditioned on receiving a right to sue on this claim from the EEOC. (Compl. ¶¶ 21-31.)

Defendants' Motion

Defendants contend that "Plaintiff has failed to name the proper party in this case." (Defs.' Motion at 2.) Defendants cite 42 U.S.C. § 2000e-16 as stating that "in suits alleging federal employment discrimination brought under Title VII, the head of the agency in his or her official capacity is the only proper party defendant." (Defs.' Motion at 2.) Defendants contend that the Secretary of Veterans Affairs in his official capacity is the proper defendant for a Title VII claim against the Department of Veterans Affairs. (Defs.' Motion at 2.)

Defendants further contend that the United States and its agencies are not subject to suit under the ADA, but rather must be sued under the Rehabilitation Act. (Defs.' Motion at 2.) Under the Rehabilitation Act, as under Title VII, Defendants contend that the head of the agency is the only proper defendant. (Defs.' Motion at 2.) For these reasons, Defendants argue that this Court lacks subject-matter jurisdiction over the action and personal jurisdiction over the named defendants and that Plaintiff's Complaint fails to name a party against whom relief may be granted. (Defs.' Motion at 2.)

Analysis

The Supreme Court has held that courts must read the complaints of plaintiffs appearing *pro se* liberally and hold those complaints to a looser standard than complaints drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Generally, the caption of all complaints shall include "the names of all the parties." Fed. R. Civ. P. 10(a). "But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. United States Gov't*, 472

F.3d 1242 (10th Cir. 2007). Additionally, the Federal Rules of Civil Procedure provide that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

In *Trackwell*, 472 F.3d at 1243, the Tenth Circuit considered an appeal by a *pro se* plaintiff after his complaint seeking a writ of mandamus was dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. The plaintiff in *Trackwell* sought a writ of mandamus to compel the Clerk of the United States Supreme Court to deliver an application to Justice Stephen Breyer. *Id.* The plaintiff's complaint named only the United States government as a defendant, but the Tenth Circuit found that a "proper reading" of the complaint identified the clerk in his official capacity as the defendant. *Id.* at 1243-44. Accordingly, despite the fact that the clerk was not named as the defendant, the Tenth Circuit construed the complaint as seeking relief from the clerk. *Id.*

This Court, therefore, looks to Plaintiff's Complaint for guidance, and adopts a liberal reading of the same. From the body of the Complaint, Plaintiff's employer and the intended defendant against whom relief is sought appears to be the Oklahoma Department of Veterans Affairs, a state agency created in Okl. Stat. tit. 72, § 63.1. Although, as Defendants observe, Plaintiff has served the Secretary of Veterans Affairs, his Complaint purportedly concerns the alleged actions of the Oklahoma Department of Veterans Affairs. Indeed, the Complaint makes only one reference to the federal government while making numerous references to the state agency. (Compl. ¶¶ 5-14, B, D.)  Plaintiff also seeks to assert a cause of action under the ADA, which allows suits against state agencies, but not the United States. This seems to indicate that Plaintiff is suing the State of Oklahoma's Department of Veterans Affairs. As Defendants point

out in a footnote, a cause of action for disability discrimination against the United States must be brought under the Rehabilitation Act. Unlike *Trackwell*, where the Tenth Circuit successfully determined from the body of the complaint the identity of the intended defendant, this Court is unable to determine from the complaint which agency, state or federal, Plaintiff intends to sue. Plaintiff has declined to clarify this situation with a response to Defendants' Motion.

Under Local Rule LCvR 7.1(h) "any motion that is not opposed within 18 days may, in the discretion of the Court, be deemed confessed." The Defendants filed their Motion on May 4, 2009.  To date, Plaintiff has neither responded nor requested an extension of time in which to respond. In light of Plaintiff's silence and the inability of the Court to discern the nature of Plaintiff's action by a review of the Complaint, the Court deems the Motion confessed. Accordingly, the Complaint shall be dismissed without prejudice.

## Conclusion

IT IS THEREFORE ORDERED that, pursuant to LCvR 7.1(h), Defendants' Motion is deemed confessed, and Plaintiff's Complaint is dismissed without prejudice.

IT IS SO ORDERED this 18th day of June, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE